**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4154**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

TEMARRIUS RONTAE BETHEA, a/k/a Teardrop,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem.  Thomas David Schroeder, District Judge.  (1:08-cr-00193-TDS-3)

Submitted:  October 16, 2009      Decided:  November 6, 2009

Before MICHAEL and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Milton B. Shoaf, Salisbury, North Carolina, for Appellant. Robert Albert Jamison Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Temarrius Rontae Bethea pled guilty pursuant to a written plea agreement to conspiracy to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006). Bethea was sentenced to 228 months' imprisonment. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal but questions whether the district court properly considered the 18 U.S.C. § 3553(a) (2006) factors at sentencing. Bethea was notified of his right to file a pro se supplemental brief, but he has not done so. The Government elected not to file a responsive brief. Finding no error, we affirm.

When determining a sentence, the district court must calculate the appropriate advisory Guidelines range and consider it in conjunction with the factors set forth in § 3553(a). Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 596 (2007). Further, the district court "must place on the record an individualized assessment [of the § 3553(a) factors] based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks and citation omitted). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Gall, 128 S. Ct. at 591.

The district court followed the necessary procedural steps in sentencing Bethea, appropriately treating the Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and applying the § 3553(a) factors to the facts of the case. Moreover, the court granted the Government's motion for downward departure based on Bethea's substantial assistance and sentenced Bethea below the applicable advisory Guidelines range. Thus, we conclude that the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3